[No. 5238.]
[No. 2862 C. A.]

## FRAVERT v. THE BOARD OF COUNTY COMMISSIONERS OF MESA COUNTY.

Water Rights — Water Districts —. Water Commissioners — Compensation — Statutory Construction — Conflicting Acts — Later Act Governs.

Section 6, p. 314, Sess. Laws 1887, provides that water district No. 39 shall consist of all lands lying in the state of Colorado and located on the north side of Grand river, and extending from the mouth of the Roaring Fork to the mouth of Rhone creek, all said lands being irrigated by waters taken from the Grand river or its tributaries, viz.: Elk creek, Rifle creek, and Rhone creek; while § 4 of a later act (p. 311, Sess. Laws 1887) creates water district No. 42, and provides that it shall consist of all lands irrigated from ditches and canals taking water from the Grand and Gunnison rivers and their tributaries within the county of Mesa. Held, that the act creating district No. 42 was, in a legal sense, a later expression of the legislative will than the act by which No. 39 was organized; and, although there may be lands in Mesa county irrigated by ditches whose headgates are in district No. 39, yet, since district No. 42 includes all lands in Mesa county irrigated by ditches taking water from the streams named, such lands are, by the express terms of § 4, within district No. 42; and hence, the water commissioner of district No. 39, having no jurisdiction outside his own district, cannot claim compensation for services performed in Mesa county.—P. 74.

*Appeal from the District Court of Mesa County.*
*Hon. Theron Stevens, Judge.*

Action by Charles W. Fravert against the board of county commissioners of Mesa county. From a judgment for defendant, plaintiff appeals.

*Affirmed.*

Mr. S. G. McMULLIN and Mr. GUY V. STERNBERG (Mr. JOHN L. NOONAN, of counsel), for appellant.

Mr. CHAS. F. CASWELL, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Charles W. Fravert, plaintiff below, appellant here, is water commissioner of water district No. 39. Asserting that his district included a portion of Mesa county, he presented to its board of county commissioners a claim for its *pro rata* share of the compensation for his official services. The board disallowed it, and upon an appeal therefrom to the district court of Mesa county a like judgment disallowing the claim was rendered.

Various statutes disclose that, for the purpose of distributing water from the natural streams for irrigation, the state has been divided into water divisions over which superintendents of irrigation are appointed by the governor, and these divisions comprise one or more water districts wherein the distribution of water is committed to water commissioners, under the direction of the superintendent of the including divisions. This claim, it will be observed, is made in behalf of a commissioner of a water district, and not by a superintendent of a division. The sole ground upon which plaintiff relies is that the services were rendered by him as water commissioner of district No. 39, which includes, as he says,

a portion of Mesa county. Under the statute, if such position is correct, Mesa county is liable for its *pro rata* share of his compensation.

The act of the general assembly creating water district No. 39 was approved April 4, 1887. Section 6 thereof reads:

"That district No. 39 shall consist of all the lands lying in the state of Colorado, and located on the north side of the Grand river, and extending from the mouth of the Roaring Fork to the mouth of Rhone creek, all said land being irrigated by waters taken from the Grand river or its tributaries, viz.: Elk creek, Rifle creek and Rhone creek."—Session Laws 1887, p. 314.

The general assembly at the same session passed another act, approved on the same day, whereby three additional water districts were created. Section 1 reads:

"That there is hereby created three additional water districts, which shall be known as districts numbers forty (40), forty-one (41), and forty-two (42), and shall be governed and controlled in like manner and under the same provisions of law as other water districts are governed and controlled."

Section 4 of the act creates district No. 42, and is as follows:

"That district number forty-two (42), shall consist of all lands irrigated from ditches or canals taking water from the Grand and Gunnison rivers and their tributaries within the county of Mesa."—Session Laws 1887, p. 311.

The plaintiff says that, under his oral evidence and the facts of which courts take judicial cognizance, such as boundary lines of counties, rivers and streams which are recognized by name in the statute, he has established the ultimate fact that water district No. 39 includes a portion of Mesa county.

A careful examination of the oral evidence leaves the matter in doubt as to whether such facts upon which plaintiff relies are entitled to the weight claimed for them. However that may be, we think the proper construction of these two statutes is that all lands within the county of Mesa which are irrigated from ditches or canals taking water from the Grand and Gunnison rivers and their tributaries are included within water district No. 42, and none of them are in water district No. 39. It logically follows that the plaintiff, having no jurisdiction outside of his own, cannot claim compensation for services performed in some other, district.

Applying this principle, we hold that the act creating district No. 42 was, in a legal sense, a later expression of the legislative will than the act by which No. 39 was organized. If they can be harmonized, that should be done, but if there is any irreconcilable repugnancy, the later controls the earlier. While it may be true that there are some lands situate in Mesa county irrigated by ditches whose headgates are in district No. 39, although that fact is not made to appear from the evidence, yet since district No. 42 includes all lands in Mesa county irrigated by ditches taking water from the streams named, the lands in that county which plaintiff says he watered are, by the express terms of section 4 of the act above quoted, within district No. 42.

The judgment of the district court being in harmony with this conclusion, it is affirmed.

*Affirmed.*

Chief Justice Steele and Mr. Justice Gabbert concur.